**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 04 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TIFARAH C. McDANIEL,<br><br>                Plaintiff - Appellant,<br><br>v.<br><br>ASHTON B. CARTER, Secretary,<br>Department of Defense, Agency (DFAS)[*],<br><br>                Defendant - Appellee. | No. 13-55685<br><br>D.C. No. 2:12-cv-01112-MWF-RZ<br><br>MEMORANDUM[**] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted July 21, 2015[***]

Before:     CANBY, BEA, and MURGUIA, Circuit Judges.

Tifarah C. McDaniel appeals pro se from the district court's judgment in her

action alleging civil rights violations and employment discrimination in connection

---

[*]     Ashton B. Carter has been substituted for his predecessor, Leon Panetta, as Secretary of the Department of Defense under Fed. R. App. P. 43(c)(2).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

with her federal employment.  We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a dismissal under Fed. R. Civ. P. 12(b)(6).  *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010).  We vacate and remand.

The district court properly treated McDaniel's claims as Title VII claims because Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."  *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).

The district court dismissed McDaniel's Title VII claims as untimely without the benefit of our recent decision in *Escobedo v. Applebees*, — F.3d —, 2015 WL 3499902 (9th Cir. June 4, 2015).  We therefore remand for the district court to consider *Escobedo* in determining whether McDaniel timely filed her complaint before the ninety-day limitations period expired.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**